**FERRATEX, INC., Plaintiff,**

v.

**U.S. SEWER & DRAIN, INC. and Jeremy Bowman, Defendants.**

**Civil Action No. 14–7527 (ES/JAD)**

United States District Court, D. New Jersey.

Filed September 30, 2015

Michael R. Morano, Richard Brant Forrest, McElroy Deutsch Mulvaney & Carpenter LLP, Morristown, NJ, for Plaintiff.

Steven D. Janel, Pennington, NJ, Thomas W. Hartmann, The Hartmann Law Firm, LLC, Watchung, NJ, William P. Rubley, Subranni Zauber, LLC, Marlton, NJ, for Defendants.

## ORDER FOR REALLOCATION AND REASSIGNMENT

JEROME B. SIMANDLE, Chief Judge

This matter comes before the Court by way of Defendants U.S. Sewer & Drain, Inc.'s and Jeremy Bowman's (hereinafter, "Defendants") motion to reallocate this case from the Newark Vicinage to the Trenton Vicinage pursuant to Local Civil Rule 40.1(e) [1] [*see* Docket Item 30]; [2] and the Court noting that the causes of action asserted in this litigation substantially arose in counties covered by the Trenton Vicinage (*see* Compl. at ¶¶ 6–22; Janel Cert. at ¶¶ 5–6), and that Defendants reside in a county within the State of Pennsylvania that is adjacent to the counties covered by the Trenton Vicinage (*see* Compl. at ¶¶ 4–5; Janel Cert, at ¶ 7); [3] and the Court finding that these considerations support the reallocation of this action from the Newark Vicinage to the Trenton Vicinage, *see* Local Civil Rule 40.1(a); [4] and for good cause shown;

IT IS this ***30th*** day of ***September***, 2015 hereby **ORDERED** that Defendants' motion for reallocation [Docket Item 30] shall be, and hereby is, ***GRANTED***; and it is further

**ORDERED** that the above-captioned case shall be ***REALLOCATED*** to the Trenton Vicinage and the Clerk of Court shall ***REASSIGN*** the case to a Judge of the Trenton Vicinage in due course.

---

1. Local Civil Rule 40.1(e) states that the disposition of any request for reallocation "shall be upon order of the Chief Judge."

2. Plaintiff Ferratex, Inc. has, at this time, filed no response to the pending motion.

3. The Court further notes that Defendants have, from the outset of this litigation, sought the transfer and/or reallocation of this action, on the grounds of its tenuous connection to New Jersey and particularly the Newark Vicinage. [*See* Docket Item 11.] On August 4, 2015, however, U.S. Magistrate Judge Joseph A. Dickson denied Defendants' motion to transfer and denied their alternative request to reallocate without prejudice to their right "to make an appropriate application to the Chief Judge pursuant to Local Rule 40.1." [Docket Item 28 at 17–18.] The pending motion before the undersigned followed.

4. Local Civil Rule 40.1(a) specifically provides that civil actions shall be allocated through consideration of "the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose."